RECEIVED
JUN 13 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ERIC TEAGUE | : | CRIMINAL ACTION 6:15-cr-176 |
| B.O.P. #30551-058 | | CIVIL ACTION 6:16-cv-1740 |
| VERSUS | : | JUDGE MINALDI |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Eric Teague ("Teague"). [Rec. Doc. 71]. The Government opposes the motion. [Rec. Doc. 76]. For reasons stated below, the motion is **DENIED**.

### I.
### BACKGROUND

On May 9, 2015, Special Agent Erol Catalan of Homeland Security Investigations in Lafayette, Louisiana, was contacted by C.D., who reported that his sixteen-year-old daughter L.D. had been communicating via text message and email with adult male subjects. [Rec. Doc. 56-2, p. 1].[1] During an interview with Agent Catalan, L.D. stated that she had received chat requests from other users, including Teague, shortly after becoming a member of a social networking site. *Id.* L.D. saved Teague's contact information into her cellphone. *Id.* They soon began talking about sex, with Teague expressing his desire to have sex with L.D. even after she informed him that she was sixteen years old. *Id.* L.D. stated that she sent Teague photographs of

---

[1] The above background is drawn from the stipulated factual basis offered in connection with Teague's guilty plea. *See* Rec. Doc. 56-2.

-1-

herself via email. *Id.* at 1–2. In January 2015, L.D. sent a full frontal nude photo of herself via attachment in an email to Teague. *Id.* at 2. She then informed him what the attachment contained, and he directed her to send the photograph to different phone numbers but subsequently received it through his email. *Id.* A few days later, Teague asked L.D. to send the same photograph to another one of his phones. *Id.* L.D. then told Teague that she was going to take a bath and he asked her to take a picture. *Id.* She responded by taking a picture of her legs in the water and sending it to him. *Id.*

Upon Agent Catalan's affidavit this Court issued a search warrant to Yahoo!, Inc., which yielded email messages from Teague's account. [Rec. Doc. 76-1].[2] On August 12, 2015, Teague was indicted by federal grand jury in the Western District of Louisiana for one count of receiving child pornography. [Rec. Doc. 1]. In January 2016, Agent Catalan sought and obtained another search warrant from this Court to Google, Inc., authorizing a search related to L.D.'s email account. [Rec. Docs. 22, 76-1]. After two thwarted change of plea hearings, Teague's federal public defender, Cristie Gibbens, withdrew from the case and attorney Gerald Block was appointed as defense counsel. [Rec. Docs. 34, 39].

On June 23, 2016, the Government filed a bill of information charging Teague with possession of child pornography. [Rec. Doc. 53]. Teague entered into a plea agreement on the same day, pleading guilty to that charge in exchange for the Government's promise to dismiss the receipt of child pornography charge. [Rec. Doc. 56]. At a hearing on September 21, 2016, Teague was sentenced to a term of imprisonment of sixty-three months and the receipt of child pornography charge was dismissed at the government's motion. [Rec. Docs. 63, 66].

---

[2] As the Government notes, the search warrant application and related documents remain under seal in a different case number. The above citation points instead to a publicly filed letter summarizing the Government's discovery.

Teague has not filed a direct appeal. Instead, he submitted the instant motion on December 19, 2016. [Rec. Doc. 71]. As his sole claim for relief, he alleges that the search and/or arrest warrants were "unlawfully drawn (issued) only on lies told by Agent Catalan." *Id.* at 4. The Government contends that this claim is subject to procedural default based on Teague's failure to raise it on appeal. [Rec. Doc. 76, pp. 8–9]. In his reply, Teague clarifies his claim as being one of ineffective assistance based on the fact that neither Gibbens nor Block filed a motion to suppress evidence obtained as a result of these warrants. [Rec. Doc. 79, pp. 2–6]. He requests an evidentiary hearing on the merits of his claim. *Id.* at 7. He also appends a letter to the district judge, asking that the communication be forwarded to an Assistant U.S. Attorney, requesting transcripts, and complaining about his treatment while incarcerated. *Id.* at 9–10.

## II.
## LAW AND ANALYSIS

### A. *Scope of § 2255 Relief*

A federal prisoner may collaterally attack his conviction or sentence under 28 U.S.C. § 2255 on one or more of the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose the sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Furthermore, the collateral challenge process of § 2255 is no substitute for appeal. A defendant may not raise a constitutional issue for the first time on collateral review without showing cause and prejudice for the procedural bar, or actual innocence. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). However, this bar does not apply to ineffective assistance of counsel claims, which may be raised for the first time in a collateral proceeding under § 2255 regardless of whether the defendant raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 505–09 (2003).

Here Teague's claim appears to be based entirely on ineffective assistance of counsel, a constitutional issue.[3] Therefore he has invoked a proper basis for relief under § 2255 and his failure to raise the claim on direct appeal does not create any procedural obstacles.

### B. Analysis

#### 1. Ineffective Assistance

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth

---

[3] In his original motion, Teague asserted cursorily that Agent Catalan "showed the false report to the grand jury." [Rec. Doc. 71, p. 4]. This statement is not grounds for suppression of evidence, the basis of his ineffective assistance claim. Teague might intend the allegation as a *Napue* violation based on the government's use of false or misleading testimony, and thus grounds for § 2255 relief. *United States v. Webster*, 392 F.3d 787, 800–01 (5th Cir. 2004). However, the claim would still be procedurally barred, as explained above, due to Teague's failure to raise it on appeal. *See United States v. Alanis*, 88 Fed. App'x 15, 22–23 (5th Cir. 2004) (unpublished) (prosecutorial misconduct claims are subject to procedural default if not raised on appeal).

Teague asserts that he did not file an appeal because his attorneys "kept telling [him he had] no rights in federal charges" and that his second attorney, Block, told him that he would "get more time" if he did appeal. [Rec. Doc. 71, pp. 3–4]. Even if these implausible statements could serve as cause, Teague fails to establish prejudice, much less actual innocence. Teague does not identify what the allegedly false elements in Catalan's report was, or how it impacted the grand jury's ability to return an indictment in light of other evidence before it. Therefore there is no basis for considering this allegation, however it was intended.

Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. 466 U.S. at 687. A defendant must satisfy both prongs of the *Strickland* test in order to prevail, and the court need not approach the inquiry in the same order or address both components should the defendant fail to satisfy one. *Id.* at 697.

The first prong does not require perfect assistance by counsel; rather, defendant must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 687–88. In this review courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the second prong, the court looks to any prejudice suffered as a result of counsel's deficient performance. This prong is satisfied if the defendant can show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were sufficiently serious to deprive the defendant of a fair trial with a reliable verdict. *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694–95). In the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Allen*, 250 Fed. App'x 9, 12 (5th Cir. 2007) (unpublished) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Ineffective assistance based on failure to file a motion to suppress depends on whether the motion would have been granted if made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

In this circuit, courts use a two-step inquiry to evaluate a motion to suppress evidence seized pursuant to a search warrant. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). The court first considers whether the seizure falls within the good faith exception to the exclusionary rule. *Id.* This step relates "to the objectively ascertainable question [of] whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon*, 468 U.S. 897, 922 n. 23 (1984). When the good faith exception does not apply, the court must consider whether the magistrate issuing the warrant had a substantial basis for believing there was probable cause for the search. *Allen*, 625 F.3d at 835.

Teague argues that the evidence seized as a result of the search warrants[4] should have been suppressed on two grounds: because Agent Catalan allegedly lied in the affidavits on which those warrants were obtained, and because the Google search warrant was somehow overly broad.

### a. Affidavit challenge

One instance where the good faith exception does not apply is if the judge issuing the warrant was misled by a material misrepresentation in an affidavit made either intentionally or with reckless disregard for the truth. *United States v. Namer*, 680 F.2d 1088, 1092–93 (5th Cir. 1982) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The Government states that the affidavit in support of the application for the search warrant to Yahoo! contained the following details, in addition to facts later admitted to by Teague in support of his guilty plea:

> [T]hat LD believed Teague lived in North Carolina; that LD sent approximately 12 images of herself to Teague, only 6 or 7 of which depicted her naked; that Special Agent Catalan, with the consent of LD and her parents, had viewed the

---

[4] Teague alleges that Agent Catalan misled the court in both the search and arrest warrants. [Rec. Doc. 71, p. 4]. However, his claim for suppression appears to relate only to the affidavits made in support of the search warrant applications and the evidence seized as a result of those searches. [Rec. Docs. 71, 79].

contact information for Teague that LD had stored on her cellular phone, including his telephone number and email address; that LD's cellular telephone confirmed that the fully nude frontal image of LD had been sent by her on January 23, 2015, at 9:56 p.m. to Teague's Yahoo! email address and his cellular telephone; that LD's cellular telephone also reflected that Teague had sent her a message from his cellular phone asking, "Wud u come be with me b4 u 18?"; and that other text conversations on the telephone suggested to the agent that Teague had requested and received other sexually explicit images of LD.

[Rec. Doc. 76, p. 4]. According to the Government, Agent Catalan asserted in the application that jurisdiction and venue over the investigation existed in the Western District of Louisiana "because emails received by Teague sent from [this district] constituted evidence of the coercion or enticement of individuals to travel in interstate commerce to engage in prostitution or any sexual activity." *Id.* at 3–4 (internal quotations omitted). The affidavit submitted in support of the application for the search warrant to Google does not differ from the representations above in any way relevant to Teague's challenges under this motion. *See* doc. 22, att. 2.

Teague disputes that he "asked for any nude pictures of the victim or anyone in that manner." [Rec. Doc. 79, p. 1]. However, this statement is belied by his own admission and thus provides no support for his claim. [Rec. Doc. 56-2]. He does not contest the accuracy of the additional statements summarized above but instead states that "[i]t seems like Special Agent Catalan got consent of LD and her parents, [and h]ad viewed the contact information for defendant Teague including his telephone number and email address."[5] [Rec. Doc. 79, p. 2]. This

---

[5] Teague initially appeared to challenge the affidavit based on a statement he rendered as "[T]here is evidence in his email that he is coercing and enticing minors into prostitution and other sexual activities." [Rec. Doc. 71, p. 4]. As the Government notes, Teague did not sign his original motion, though he did sign his reply memorandum. The Fifth Circuit has noted that unsworn allegations in a § 2255 motion are insufficient to create a factual dispute. *E.g., United States v. Gonzalez*, 493 Fed. App'x 541, 544 (5th Cir. 2012). Furthermore, Teague does not challenge the Government's contention that this statement actually accused him of "coercing and enticing minors into prostitution or other sexual activities," *supra* (emphasis added), nor does he deny sending a message asking the victim to "come be with [him]" before she reached the age of eighteen.

allegation does not present coherent opposition to the veracity of Agent Catalan's affidavit.[6] Accordingly, Teague fails to overcome the good faith exception under this portion of his claim.

### b. Overbreadth

Another basis for overcoming the good faith exception is when the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923. Therefore the good faith exception does not apply when the warrant falls sufficiently short of the Fourth Amendment's requirement that it describe with particularity the areas to be searched and things to be seized. *Cf. Allen*, 625 F.3d at 838 ("[N]ot every deficient warrant is so deficient that an officer would lack a reasonable basis for relying on it.").

Teague contends that the Google search warrant did not meet the particularity standard because it authorized a search of everything in L.D.'s email account, thereby exposing messages from Teague and permitting "exploratory rummaging of [his] personal info."[7] [Rec. Doc. 79, p. 5; *see* Rec. Doc. 22]. However, the fact that the warrant did not exclude messages or other

---

[6] Agent Catalan reports that L.D. stated that she sent Teague six or seven nude images, while Teague only admitted to receiving one such image in his guilty plea. If this is the discrepancy on which Teague intended to base his challenge, then he is reminded, as the Government notes, that only one image is required to sustain a conviction of either possession or receipt of child pornography, and thus to support probable cause of the same. *See* 18 U.S.C. § 2252A; *United States v. Runyan*, 290 F.3d 223, 241 (5th Cir. 2002). A defendant can attempt to negate intent to a charge of possession by showing that he possessed fewer than three images of child pornography **and** promptly and in good faith sought to destroy the image(s) or report the matter to law enforcement. *See* 18 U.S.C. § 2252A(d). However, this is an affirmative defense that the defendant must raise and prove. *United States v. Reedy*, 304 F.3d 358, 369 (5th Cir. 2002). As the Government points out, Teague did neither in this case. Furthermore, it is clear from his admissions that the second prong of the defense is inapplicable to his case.
    As stated above, a misrepresentation must be both material and intentional or reckless in order to invalidate a search warrant under the good faith exception. Even assuming that the report of L.D.'s statement was an intentional or reckless misrepresentation by Agent Catalan, it would be immaterial and thus no basis for lifting the good faith exception and then vitiating probable cause.

[7] Teague also contends that the warrant was invalid because he was unaware of it and provided no consent to search. He notes, correctly, that under federal law prior notice to the customer or subscriber upon a service provider's disclosure of records/customer communications is not required if the records are obtained pursuant to a valid search warrant. 18 U.S.C. § 2703(b)(1)(A). Teague appears to be under the belief that this exception does not apply because "[t]he special agent in this case got a warrant for LD's criminal [activity]." [Rec. Doc. 79, p. 6]. However, the record clearly indicates that the warrant was issued on probable cause of Teague's own criminal activity. [Rec. Doc. 22-2]. Teague's argument concerning consent is frivolous. The search was conducted pursuant to a valid warrant and the applicability of the consent exception is therefore irrelevant. *See Schneckcloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.") (quotations omitted).

information relating to Teague from the search and seizure of L.D.'s email account does not show an unconstitutional lack of particularity in this case. The affidavit established probable cause that L.D.'s exchanges with Teague were evidence of a crime. [Rec. Doc. 22-2]. Therefore Teague once again fails to show a viable challenge to the good faith exception under this portion of his claim.

Moving to suppress on either of the above arguments would have been frivolous. Failure to do so cannot amount to deficient performance under *Strickland*, much less adequate prejudice. Teague therefore demonstrates no right to relief under this claim.

### 2. *Request for Evidentiary Hearing*

The court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *e.g.*, *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). No evidentiary hearing is required where the defendant's claims are "either contrary to law or plainly refuted by the record." *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989). Teague has pointed to no contested factual issue material to his claim. As set forth above, the filings and record conclusively demonstrate that he is not entitled to relief. Therefore no hearing is required.

### 3. *Other Requests for Relief*

To the extent that Teague seeks action from this court in his request for transcripts, he should file a separate motion.[8] To the extent that he wishes to have a letter docketed and for the

---

[8] An indigent prisoner asserting a claim under § 2255 may obtain a free transcript if the court determines "that the asserted claim is not frivolous and that the transcript is needed to decide the issue." *United States v. MacCollom*, 426 U.S. 317, 320–21 (1976) (quotations omitted). However, he is not entitled to transcripts in order conduct a "fishing expedition" to locate possible errors. *United States v. Watson*, 61 Fed. App'x 919 (5th Cir. 2003) (unpublished) (citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)). No portion of Teague's motion relates to a matter that might be clarified by transcripts, and as shown above, his allegations are frivolous. Therefore any request for transcripts relating to this motion would be denied.

clerk to take some action on it, it should likewise be sent separately rather than appended to his reply memorandum. Finally, to the extent that Teague wishes to raise claims relating to his confinement under civil rights law or the Federal Tort Claims Act, he must file a separate lawsuit.

## III.
### CONCLUSION

For the reasons stated above, Teague's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken.

In this instance, the certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

Signed this 12th day of June, 2017 at Alexandria, Louisiana.

Hon. Dee D. Drell
U.S. District Court Judge

-10-